Filed 4/14/26  In re Salas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re RAFAEL SALAS<br><br>on Habeas Corpus. | E086183<br><br>(Super.Ct.No. CVIN2500056)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Joshua Andrew Knight, Judge.  Petition granted.

John L. Staley, under appointment by the Court of Appeal for Petitioner.

Rob Bonta, Attorney General, Sara J. Romano, Assistant Attorney General, and Amanda J. Murray and John P. Walters, Deputy Attorneys General, for Respondent.

## I.  INTRODUCTION

Rafael Salas, a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), was found guilty of a serious institutional rule violation for attempted murder of another inmate.  He challenges this disciplinary adjudication in a petition for habeas corpus, raising a single claim that the senior hearing officer (SHO) "unlawfully refused to allow petitioner to call witnesses" at his disciplinary hearing.  We issued an order to show cause on the petition.  After consideration of the parties' submissions in response to the order to show cause, we grant the petition and direct CDCR to vacate the final disciplinary hearing result and conduct a new disciplinary hearing consistent with this opinion.

## II.  BACKGROUND

Petitioner was convicted of first degree murder with various enhancements resulting in a prison sentence of 50 years to life.  During his incarceration, petitioner allegedly inflicted serious injuries upon another inmate by stabbing the inmate repeatedly with a manufactured weapon.  As a result of this incident, petitioner was issued a Rules Violation Report (RVR) accusing petitioner of attempted murder.

In preparation for his RVR disciplinary hearing, petitioner formally requested to call 10 witnesses and proffered 40 intended questions for those witnesses.  An SHO screened petitioner's proposed questions and made a determination that only 15 of the proposed questions were relevant.  The permitted questions included direct questions to the victim regarding his knowledge of petitioner's intent and motivations.  An investigative employee then proceeded to interview the identified witnesses and

2

document their responses.  During these interviews, the victim refused to answer some of petitioner's proposed questions.  Petitioner also submitted a written statement in his defense, admitting that he attacked the victim with a weapon but denying he had any intent to kill the victim.

At the time of the disciplinary hearing, the SHO reviewed and incorporated the witness interviews as part of the record.  While petitioner's pre-hearing request indicated his desire to have identified witnesses available for follow-up or rebuttal questions at the time of hearing, no witnesses attended the hearing, and petitioner did not specifically request to ask follow-up or rebuttal questions of any witnesses at the time of the hearing. At the conclusion of the hearing, the SHO found petitioner guilty of attempted murder, resulting in the loss of 360 days of good-time credits and other penalties.

After exhausting his administrative remedies, petitioner filed a petition for habeas corpus.

### III.  DISCUSSION

A.  *General Legal Principles and Standard of Review*

"Our state Constitution guarantees that a person improperly deprived of his or her liberty has the right to petition for a writ of habeas corpus." (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)  Prison disciplinary action that results in the reduction of an inmate's statutory conduct credits constitutes the deprivation of a vested liberty interest, which may be the proper subject of a habeas corpus petition.  (*In re Gomez* (2016) 246 Cal.App.4th 1082, 1093; *In re Banks* (2023) 97 Cal.App.5th 463, 467.)

" 'In a habeas corpus proceeding, once the issues have been properly joined, the

3

court may grant (or deny) the relief sought without ordering an evidentiary hearing as long as resolution of the petition does not depend on any disputed issue of fact.' " (*In re Banks*, *supra*, 97 Cal.App.5th at p. 467.) " 'When the return effectively acknowledges or "admits" allegations in the petition and traverse which, if true, justify the relief sought, such relief may be granted without a hearing on the other factual issues joined by the pleadings.' " (*In re Marquez* (2007) 153 Cal.App.4th 1, 15.)

B. *Petitioner Has a Statutory Right to Call Witnesses*

In this case, the sole claim for relief raised by petitioner is that he was denied the right to call witnesses at the time of his disciplinary hearing. The guarantee of due process under the United States Constitution affords prison inmates a limited right to call witnesses "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." (*Wolff v. McDonnell* (1974) 418 U.S. 539, 566 (*Wolff*).) Additionally, the California Legislature has provided a more robust statutory right to call witnesses, requiring that witnesses requested by a prisoner "shall be called unless the person conducting the hearing has specific reasons to deny this request" and requiring that the reasons for failing to call requested witnesses "shall be set forth in writing and a copy of the document shall be presented to the prisoner." (Pen. Code, § 2932, subd. (c)(3).) Finally, CDCR's own regulations further limit the ability of prison officials to curtail the right to call witnesses during a disciplinary hearing by specifying only three grounds upon which the hearing officer may rely in order to deny a request for a witness.

(Cal. Code Regs., tit. 15, § 3315, subd. (e).)[1]

Here, the parties do not dispute that petitioner made a formal request that witnesses appear at his disciplinary hearing.[2]  The parties further acknowledge that no witnesses were called to appear at the hearing despite petitioner's request.  Finally, the record of petitioner's disciplinary hearing does not document any reasons for failing to make the requested witnesses available at the time of the hearing.  In our view, these undisputed facts clearly establish that petitioner's statutory right to call witnesses was improperly limited at the time of his disciplinary hearing.

Respondent argues that the procedures utilized in this case were sufficient to meet the minimum requirements of due process under the United States Constitution.  However, it is well established that a state may afford greater rights than the minimum required by the United States Constitution.  (*People v. Homick* (2012) 55 Cal.4th 816, 839 [state may enact greater statutory protection than is provided by the federal Constitution]; *In re Patrick W.* (1980) 104 Cal.App.3d 615, 618 [State courts may recognize greater rights under state law than the minimum required by the federal Constitution.].)  And in California, " 'habeas corpus may be sought by one lawfully in

---

[1]  Further unspecified regulatory references are to the "General Institution Regulations" related to "Incarcerated Person Discipline" found in title 15, division 3, chapter 1, subchapter 4, article 5 of the California Code of Regulations (CDCR Regulations).  Section references are to the CDCR Regulations unless otherwise specified.

[2]  Indeed, when responding to a grievance filed by petitioner regarding the procedures utilized at his disciplinary hearing, CDCR acknowledged that petitioner requested witnesses appear at his RVR hearing pursuant to section 3315, subdivision (e).

custody for the purpose of vindicating rights to which he is entitled in confinement.' . . . . Those rights include not only statutory or constitutional violations, but also violations of administrative regulations." (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 309, fn. 10; *In re Garcia* (2012) 202 Cal.App.4th 892, 900-901 [The violation of statutory rights may be adjudicated in a habeas corpus proceeding.]; *In re Marti* (2021) 69 Cal.App.5th 561, 566 [Procedural rights granted by prison regulations may be adjudicated in a habeas corpus proceeding.].)

Thus, it is unnecessary for us to reach the constitutional issue argued by the parties.[3]  As we have already detailed, petitioner has a procedural right to call witnesses afforded by statute and CDCR regulations, regardless of whether the constitutional mandate of due process would also afford him that right.  In response to our order to show cause, respondent has not offered any reason for CDCR's failure to honor petitioner's request for witnesses at the time of his disciplinary hearing and advanced no argument regarding why petitioner was not entitled to such witnesses under the statutes and regulations explicitly cited in the petition for habeas corpus.[4]  As such, we conclude

---

[3]  " 'A fundamental principle of constitutional adjudication is that a court will not decide constitutional questions unless absolutely required to do so to dispose of the matter before the court, which means we will not reach constitutional questions where other grounds are available and dispositive of the issues of the case.' " (*In re Garcia*, *supra*, 202 Cal.App.4th at p. 902.)

[4]  Respondent instead avoids the issue entirely, arguing that despite the fact that petitioner cites to specific regulations entitling him to call witnesses "a handful of times in his petition, he does not allege that the prison violates his regulatory rights."  We disagree with respondent's interpretation of the petition.  The petition expressly identifies the claim that petitioner was denied his right to call witnesses at his disciplinary hearing

6

that petitioner has established his statutory and regulatory right to call witnesses was violated.

## C. *Petitioner Was Prejudiced by the Denial of Witnesses*

Respondent argues that even if petitioner had a right to call witnesses, petitioner cannot be considered prejudiced because some evidence in the record supports the disciplinary action. We disagree.

Respondent relies on *Wolff*, *supra*, 418 U.S. 539 to argue that reversal is not required where some evidence in the record supports a prison disciplinary decision. However, the "some evidence" standard refers to the standard used to determine whether sufficient evidence supports the *findings* of the prison authorities. (*In re Rothwell* (2008) 164 Cal.App.4th 160, 165; *In re Johnson* (2009) 176 Cal.App.4th 290, 299.) This standard is derived from *Wolff*'s conclusion that due process requires written findings in support of a prison disciplinary action. (*Superintendent, Massachusetts Correctional Institution v. Hill* (1985) 472 U.S. 445, 455 ["[T]he written statement mandated by *Wolff* requires a disciplinary board to explain the evidence relied upon, recognizing that due process requires some evidentiary basis for a decision."].) Petitioner here is not challenging the sufficiency of the evidence to support any findings. Instead, his claim is

and thereafter cites to the United States Constitution, the Penal Code, and the relevant regulations as the legal authority for his claim. Additionally, a habeas corpus petition need only set forth the factual basis upon which relief is sought, and "[i]t is the interplay between the return and the petitioner's response to the return in a pleading called the traverse . . . that frames the issues the court must decide in order to resolve the case." (*In re Serrano* (1995) 10 Cal.4th 447, 455.)

that he was deprived of his right to call witnesses at the hearing, which is a procedural safeguard identified in *Wolff* entirely separate from the requirement of written findings. (*Wolff*, *supra*, 418 U.S. at pp. 566-567.)

Generally, "[w]hen the reviewing court applying state law finds an erroneous exclusion of defense evidence, the usual standard of review for state law error applies: the court must reverse only if it also finds a reasonable probability the error affected the verdict adversely to defendant." (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1089; *People v. Hendrix* (2022) 13 Cal.5th 933, 944 [A reviewing court applying state law must assess whether " 'it is reasonably probable that a result more favorable to [petitioner] would have been reached in the absence of the error.' "].) " '[H]owever, "under the California constitutional harmless-error provision some errors . . . are not susceptible to the 'ordinary' or 'generally applicable' harmless-error analysis . . . and may require reversal of the judgment notwithstanding the strength of the evidence contained in the record in a particular case." ' " (*People v. Anzalone* (2013) 56 Cal.4th 545, 553.) In our view, the specific facts of this case represent such a situation requiring reversal.

Here, the SHO's written findings did not list any evidence directly related to petitioner's intent to kill the victim, which is a necessary element of the charged offense. (*People v. Canizales* (2019) 7 Cal.5th 591, 602 [" '[T]he specific intent to kill' " is an essential element of the crime of attempted murder.].)[5] "Direct evidence of intent to kill

---

[5]  We disagree with respondent to the extent it argues that disciplinary action on a charge of attempted murder does not require proof of the same elements of the offense as specified in the Penal Code. The authority permitting forfeiture of credits as a form of

8

is rare, and ordinarily the intent to kill must be inferred from the statements and actions of the defendant and the circumstances surrounding the crime." (*Id.* at p. 602.) And this is precisely the type of evidence petitioner sought to elicit from at least one of the witnesses he requested to call. It is undisputed that petitioner requested to call the victim as a witness, that he specifically sought to ask questions related to whether the victim had knowledge of petitioner's motives or statements made by petitioner during the incident, and that the SHO had already determined such questions relevant when prescreening petitioner's proposed questions. Further, the requested testimony was never introduced in any form, as the prison's investigative employee noted that the victim refused to answer these questions during a pre-hearing interview, and the record does not show that any efforts were made to obtain this testimony prior to the hearing. Finally, unlike a criminal trial, an incarcerated individual has no opportunity to independently conduct an investigation to obtain evidence in order to make an offer of proof.

As our Supreme Court has explained in similar contexts, "[w]hen there is an inadequate inquiry and the record is underdeveloped, it is impossible for reviewing courts to assess prejudice because we simply do not know what additional information will be revealed from an adequate inquiry." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125; see *In re Fratus* (2012) 204 Cal.App.4th 1339, 1351-1352 ["Without this evidence, [a

---

discipline for attempted murder is based upon an express provision of the Penal Code. (Pen. Code, § 2932.) And "when the same word appears in different places within a statutory scheme, courts generally presume the Legislature intended the word to have the same meaning each time it is used." (*People v. Gray* (2014) 58 Cal.4th 901, 906.)

reviewing court] cannot evaluate the sufficiency of the evidence issue . . . , or whether the failure to allow questioning of the prison officers was harmless error."].)  Because the record does not disclose what evidence or testimony might have been revealed had petitioner been granted his statutory right to call witnesses at his disciplinary hearing and because petitioner is not in a position to obtain that information to make an offer of proof, the specific context of this case makes it impossible for us to adequately assess prejudice.  As such, we conclude reversal is required.[6]

## IV.  DISPOSITION

Let a writ of habeas corpus issue directing respondent to vacate the final disciplinary hearing result dated July 25, 2024, finding a rule violation against petitioner.  Respondent in its discretion may conduct a new disciplinary hearing in conformance with the requirements of the applicable regulations.[7]  If such a hearing is conducted and results in an adjudication with a credit forfeiture less than that previously assessed, respondent is

---

[6]  We are unpersuaded by respondent's argument that there can be no prejudice because attempted murder and assault with a weapon causing serious bodily injury "carry the same penalty" under the relevant CDCR regulations.  It is true that the two offenses are listed in the same category for purposes of CDCR regulations imposing penalties for serious rules violations.  (§ 3323, subd. (b).)  However, the regulation provides for a range of credit forfeiture between 181 and 360 days.  (*Ibid.*)  Presumably, the hearing officer assessing a penalty will consider the severity of the offense when determining the appropriate assessment.  Because petitioner here was assessed the maximum credit forfeiture, it may be that his assessed credit forfeiture would be reduced if he were found guilty of an offense with less moral culpability.

[7]  We agree with the parties that the appropriate remedy is a new disciplinary hearing.

directed to restore the difference in any lost credits.  If respondent determines that such a hearing is no longer feasible or permissible, respondent is directed to restore petitioner's lost conduct credits and expunge any record of the adjudication from petitioner's file. The order to show cause is discharged.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
J.

We concur:

RAMIREZ_____
P. J.


CODRINGTON_____
J.

11